# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| PARNELL POCHE | CIVIL ACTION NO. 07-235-LC |
| VS. | SECTION "P" |
| GERALD W. HARRINGTON | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

*AMENDED REPORT AND RECOMMENDATION*

Before the court is a pro se civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* (IFP) on February 1, 2007, by Parnell Poche. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is incarcerated at Elayn Hunt  Correctional Center (EHCC) in St. Gabriel, Louisiana.  Plaintiff names as defendant Gerald W. Harrington, Clerk of Court of the 33rd Judicial District Court (JDC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## PROCEDURAL HISTORY OF CASE

_____On July 18, 2007, the undersigned recommended, via Report and Recommendation [Doc. 10], the dismissal of plaintiff's claims against defendant.  The original Report and Recommendation did not make reference to either the Motion for Summary Judgment [Doc. 7] or the Amended Complaint [Doc. 9] filed by plaintiff on July 5, 2007 and July 16, 2007, respectively. However, the court notes that neither the Motion for Summary Judgment nor the Amended Complaint added

2

anything of substance to plaintiff's claims.[1]  In other words, consideration of these documents did not alter the court's ultimate recommendation for dismissal of plaintiff's complaint.  Nevertheless, for completeness of the record, the undersigned amends the original Report and Recommendation in order to address plaintiff's more recent filings as well as his original complaint.

## STATEMENT OF THE CASE

Plaintiff's claims pertain to the enforcement of procedural rules in a matter pending in state court.  More specifically, plaintiff states that on October 4, 2004, he filed a claim, *in forma pauperis,* in the 33rd JDC.  On October 14, 2004, IFP status was granted.  The next information that he gives about the 33rd JDC case pertains to him filing a motion for production and interrogatories on July 5, 2006.  The defendants did not respond to the motion, so plaintiff filed a motion to compel on October 9, 2006.  Thereafter, on October 14, 2006, he received a notice from the 33rd JDC clerk's office, signed by defendant Harrington, instructing him to file another IFP application.  Plaintiff did so on November 5, 2006, and on November 9, 2006, he was informed, again via  notice from the 33rd JDC clerk's office, signed by defendant Harrington, that he could not proceed with the civil action until all costs/fees due to the court in the matter were paid.[2]

---

[1] The Motion for Summary Judgment (MSJ) basically reiterated the claims made by plaintiff in his original complaint.  Additionally, the MSJ was prematurely filed as plaintiff's underlying claim was still on initial review at the time the MSJ was filed.  The amended complaint merely added a request for compensatory and punitive damages.

[2] In the event that plaintiff is not aware of the following state statute which requires an automatic stay of proceedings pending full payment of all court costs and fees, the court refers him to La. R.S. 15:1186, which provides in part:

"A. (2) If a prisoner brings a civil action or files an appeal or writ application in forma pauperis ... the prisoner shall still be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the petition, notice of appeal, or writ application.

3

On the basis of this notice, plaintiff alleges that defendant Harrington has violated his 14th Amendment Due Process Rights, as well as his First Amendment Right of Access to the Courts given that his October 2004, IFP application had previously been accepted.  Plaintiff seeks injunctive relief ordering the 33rd JDC Clerk of Court to allow him to proceed with his civil claim without cost, by way of *in forma pauperis*.

## LAW AND ANALYSIS

### I.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe*

---

*        *        *

B. (1) After payment of the initial partial filing fee, as required by Paragraph (A)(2) of this Section, the prisoner shall be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds ten dollars until the filing fees are paid. In no event shall the filing fee collected exceed the amount of fees permitted by statute.

(2)(a)  The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.

4

*v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).  A hearing need not be

conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th

Cir.1991).  A district court may  dismiss as frivolous a prisoner suit on the complaint alone.

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

When determining whether a complaint is frivolous or fails to states a claim upon which

relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70

F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of

dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such

complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97

(5th Cir.1994).  A complaint may not be dismissed under §1915(d)(2)(B) "simply because the

court finds the plaintiff's allegations unlikely."  *Jolly v. Klein*, 923 F.Supp. 931, 942-43

(S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts

demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.

*Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by

the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be

able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias*

*v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaints sufficiently establish his theories of liability with respect to the

named defendant, and the court is convinced that plaintiff has presented the best case which

could be presented by him under the circumstances, and that further amendment of the pleadings

would serve no useful purpose.  Accepting all of plaintiff's allegations as true and giving plaintiff

the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint, as well as denial of plaintiff's Motion for Summary Judgment.

## II.  On-Going State Court Proceeding

Plaintiff's constitutional complaints herein are the subject of a suit pending in the state court.  Thus, the abstention doctrine enunciated in *Younger v. Harris*, 91 S. Ct. 746 (1971) requires this court to abstain from considering these claims.  In *Younger*, the Supreme Court recognized a need for federal courts to abstain from interfering in on-going state court proceedings.  When federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings, the federal court must abstain from exercising jurisdiction.  For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996), citing *Middlesex Country Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Plaintiff's state court suit satisfies all three of these requirements.  The proceedings are on-going, the state has an important interest in dealing with matters involving state prisoners and the prison system, and the state proceeding will afford the plaintiff an opportunity to raise constitutional challenges.  Under Louisiana law, Louisiana's Supreme Court exercises general supervisory jurisdiction over all other courts in the state. La. Constitution, Art. 5, §5(A).  Further, the Courts of Appeal have supervisory jurisdictions over the district courts within their

6

geographical jurisdiction.  La. Constitution, Art. 5, §10(A).  In other words, plaintiff, dissatisfied with the progress of his civil suit, could and should have invoked the supervisory jurisdiction of the appropriate court of appeal or the Louisiana Supreme Court.  Thus, this court finds that the principles enunciated in *Younger* bar this court from considering the plaintiff's claims.[3]

## II.  Mandamus

Plaintiff asks this court to order the defendant to allow his state court claim to proceed without the required payment of costs.  Plaintiff thus implies that he is entitled to mandamus relief.  Federal courts are without power to issue writs of mandamus against state courts and state officers in the performance of their duties. See *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997); *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973). There is no question but that in issuing the notice in question, defendant Harrington was

---

[3]  Even if plaintiff had pursued his claim through each level of the Louisiana courts, this court would still not have jurisdiction to review a final judgment of the Louisiana courts.  More specifically, no statute exists granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the United States Supreme Court by a writ of certiorari...[.]"  No parallel provision exists granting appellate jurisdiction to the inferior federal courts. The Supreme Court has consistently held, in what is known as the Rooker-Feldman Doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." See, *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citing, *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)(citations omitted)(referencing, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); See also, *Hanna v. Home Ins. Co.*, 281 F.2d 298 (5th Cir. 1960) *cert. denied* 81 S.Ct. 751, 365 U.S. 838, 5 L.Ed.2d 747, *rehearing denied* 81 S.Ct. 1905, 366 U.S. 955, 6 L.Ed.2d 1247 (citing, *Williams v. Tooke*, 108 F.2d 758 (5th Cir. 1940) *cert. denied*, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419; *Hendron v. Yount-Lee Oil Co.*, 108 F.2d 759 (5th Cir. 1940) *cert. denied*, 311 U.S. 664, 61 S.Ct. 21, 85 L.Ed. 426).  If the state trial court errs, the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. After review by the state courts, recourse at the federal level is limited to an application of a writ of certiorari to the Untied States Supreme Court.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); See also, *Waggener v. Waggener*, 2003 WL 21204463 *2 (E.D.Tex.)(Jurisdiction to review valid state court judgments lies exclusively with the state courts and, ultimately, the United States Supreme Court)((citing, *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *Carbonell v. Louisiana Dept. of Health and Human Resources*, 772 F.2d 185, 188-89 (5th Cir. 1985).

7

performing his duty as Clerk of Court. Therefore, to the extent that mandamus is sought, this court lacks jurisdiction to do so and such claims should be dismissed as frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1).  See *Santee*, 115 F.3d at 357 (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's claims herein be **DISMISSED WITH PREJUDICE** in accordance with the abstention doctrine enunciated in *Younger v. Harris*, 91 S. Ct. 746 (1971).

**IT IS FURTHER RECOMMENDED** that, to the extent that plaintiff seeks mandamus relief against a state court officer, his claims be dismissed as frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1)**.**

**IT IS ALSO RECOMMENDED** that plaintiff's Motion for Summary Judgment [Doc. 7] be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

8

conclusions accepted by the District Court, except upon grounds of plain error. See

*Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on August 29, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)